HEATHER E. WILLIAMS, #122664
Federal Defender
MEGAN T. HOPKINS, #294141
Assistant Federal Defender
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: 916-498-5700/Fax: 916-498-5710

Attorneys for Defendant
MICHAEL STUBER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL STUBER, <br><br> Defendants. | Case No. 1:19-cr-00182-DAD-BAM <br><br> STIPULATION TO MODIFY CONDITIONS OF PRETRIAL RELEASE; AND ORDER <br><br> JUDGE: Hon. Barbara A. McAuliffe |

Defendant MICHAEL STUBER, by and through his attorneys of record, Assistant Federal Defenders Megan T. Hopkins and Reed Grantham, and the United States, by and through Assistant United States Attorney Laurel Montoya, hereby stipulate to and request an order modifying defendant MICHAEL STUBER's Conditions of Pretrial Release so to eliminate the location monitoring condition or, in the alternative, to suspend the location monitoring condition for a period of thirty (30) days during which pretrial will evaluate the appropriateness of permanently removing the condition. The supervising pretrial services officer has no objection to either the elimination or suspension of the location monitoring condition.

On June 8, 2021, following a hearing on a pretrial release violation for use of a controlled substance, this Court ordered Mr. Stuber released with the additional condition of location monitoring: Home Detention. The Court further ordered that any reduction in Mr. Stuber's

counselling or drug testing must be specifically approved by this Court.[1]  *See* Dkt. at 86.  Mr. Stuber is supervised by Officer Frank Guerrero, and receives counselling and drug testing services through pretrial's contract provider.

According to Officer Guerrero, Mr. Stuber has been doing extremely well and is very cooperative with pretrial in those instances where the location monitoring equipment has required troubleshooting.[2]  Officer Guerrero reports that Mr. Stuber has been participating in weekly counselling through telehealth appointments and that is counselor recently reported that their sessions have become very productive. Mr. Stuber has had no positive drug tests and has been very focused on work and family.

Officer Guerrero has been allowing Mr. Stuber a daily schedule of 6:00 a.m. to 8:15 p.m. where he may leave the house for work, after coming out to the farm and seeing first-hand how much work Mr. Stuber performs each day.  Mr. Stuber has been compliant with the location monitoring program and has cabined his work hours within what Officer Guerrero has allowed. However, Mr. Stuber's farm is now entering the irrigation phase which has a far less predictable schedule and requires that the water flow be adjusted in an ad-hoc fashion throughout the irrigation cycle, which can last one to two weeks.  Mr. Stuber approached pretrial about the need to be "on call" 24 hours per day during the irrigation period[3], and Officer Guerrero advised Mr. Stuber that an "on-call" schedule will not work under the terms of the location monitoring program.

After conferring with defense counsel, Officer Guerrero indicated that pretrial would not be opposed to the removal of the location monitoring condition, whether temporarily or

---

[1] Although this stipulation is not requesting a change to the rate of counselling or drug testing, it is specifically brought before this Court because of the Court's history and understanding of the case. If this matter should be brought before the duty magistrate judge, defense counsel will refile appropriately at the direction of the Court.

[2] Due to limited cellular reception on the farm, the equipment has occasionally malfunctioned and required several reboots.

[3] The alternative to Mr. Stuber running irrigation would be for him to pay an employee to stay on the farm overnight and be on call for water flow adjustments for the entire irrigation period, which typically last between one and two weeks. This would be very costly for Mr. Stuber and it is uncertain whether he would be able to find an employee willing to stay at the farm continuously for that length of time.

STUBER: Stipulation to Modify Conditions of Pretrial Release     -2-

indefinitely, given Mr. Stuber's compliance with his conditions and the period he has been on the monitor to date. The parties therefore stipulate to the removal of the location monitoring condition at this time. If the Court wishes for pretrial to retain the authority to reimpose the location monitoring condition if it is deemed appropriate in the future, then the parties request that it be temporarily suspended for thirty (30) days and to grant pretrial the authority and discretion to indefinitely suspend the condition thereafter, based upon Mr. Stuber's compliance with his other conditions of release.

### CONCLUSION

Given that Mr. Stuber is in compliance with all conditions of pretrial release, has been engaged and productive in counselling, has maintained his sobriety and performed well on the location monitoring program for the past eight months, location monitoring is no longer the least restrictive condition necessary to ensure his appearance in court as required and the safety of the community. Accordingly, the parties agree that the Defendant's Conditions of Release should be amended so to eliminate the location monitoring condition. The parties and pretrial services agree that all other conditions of pretrial release should remain in force.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

DATED: February 2, 2022        */s/ Megan T. Hopkins*
MEGAN T. HOPKINS
REED GRANTHAM
Assistant Federal Defender
Attorneys for Defendant
MICHAEL STUBER

PHILLIP A. TALBERT
United States Attorney

DATED: February 2, 2022        */s/ Laurel Montoya*
LAUREL MONTOYA
Assistant United States Attorney
Attorney for Plaintiff

# **O R D E R**

GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED THAT the Special Conditions of Release for defendant, Michael Stuber, be Amended such that the location monitoring: home detention condition be **temporarily suspended for a period of 30 days,** after which the pretrial services officer shall have the discretion to resume enforcement of the location monitoring program or continue the suspension indefinitely, based upon Mr. Stuber's compliance with the other conditions of his pretrial supervision**.**  All other conditions of pretrial release shall remain in force.

IT IS SO ORDERED.

Dated:   **February 2, 2022**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE