MICHELE BECKWITH
Acting United States Attorney
LAUREL J. MONTOYA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-000182-JLT-BAM |
| Plaintiff, | ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION PURSUANT TO 18 U.S.C. § 4241(b) |
| v. | |
| MICHAEL STUBER, | |
| Defendant. | COURT: Hon. Jennifer L. Thurston |

On April 21, 2025, defense made an oral motion requesting the Court to determine the mental competency of Mr. Stuber during the Dispositional Hearing on the supervised release violation. The government does not oppose this motion. Based upon the representations of defense counsel as well as the observations made in court during the hearing and the statements made by the defendant in court, there is reasonable cause to believe that Mr. Stuber is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court at the close of the dispositional hearing stated that the hearing would not go forward at that time and ordered defense counsel and the government to confer and to prepare an Order for a psychiatric evaluation to determine the defendant's competency.

GOOD CAUSE APPEARING, IT IS ORDERED:

1.     Pursuant to 18 U.S.C. § 4241(b):

ORDER

1

1          a)    An examination of Mr. Stuber's competency shall be conducted and a psychiatric

2   and/or psychological report of this examination shall be filed with the court pursuant to the

3   provisions of 18 U.S.C. §4247(b) and (c);

4          b)    Mr. Stuber is committed to the custody of the U.S. Bureau of Prisons for the

5   period of examination for placement in a suitable facility, and the U.S. Marshal's Service is

6   directed to transfer him to a suitable facility for examination, with the court recommending a

7   suitable facility within reasonable proximity to this District;

8          c)    Mr. Stuber shall submit to a psychiatric and/or psychological examination by an

9   examiner chosen by the Bureau of Prisons who is designated as an examiner under the provisions

10  of 18 U.S.C. § 4247(b);

11         d)    The psychiatric and/or psychological report ordered shall be prepared by the

12  Bureau of Prisons and shall be filed with the Court with copies provided to counsel for Mr.

13  Stuber and to the attorney for the Government, and shall include: (1) the person's history and

14  present symptoms; (2) a description of the psychiatric, psychological and medical tests employed

15  and their results; (3) the examiner's findings; (4) the examiner's opinions as to diagnosis,

16  prognosis; and (5) whether the person is suffering from a mental disease or defect rendering him

17  mentally incompetent to the extent that he is unable to understand the nature and consequences

18  of the proceedings against him or to assist properly in his defense;

19         e)    Mr. Stuber, through his lawyer Mr. Michael Berdinella, shall forward copies of

20  any and all available hospital, medical, psychological and psychiatric reports to the examiner;

21         f)    A copy of this Order shall be provided to the U.S. Marshal's Office which shall

22  make arrangements as necessary for the examination of the defendant;

23         g)    A copy of this Order shall be provided to the U.S. Bureau of Prisons;

24         h)    Upon the completion of the examination, the U.S. Bureau of Prisons shall notify

25  the Court, in writing, of the completion of the examination; and

26         i)    In accordance with Federal Rule of Criminal Procedure 12.2(c)(4), "[n]o

27  statement made by the defendant in the course of any examination conducted under this rule

28  (whether conducted with or without the defendant's consent), no testimony by the expert based

ORDER

2

1   on the statement, and no other fruits of the statement may be admitted into evidence against the

2   defendant in any criminal proceeding except on an issue regarding mental condition on which the

3   defendant: (A) has introduced evidence of incompetency or evidence requiring notice under Rule

4   12.2(a) or (b)(1), or (B) has introduced expert evidence in a capital sentencing proceeding

5   requiring notice under Rule 12.2(b)(2)."

6         j)      The parties shall promptly ask that these matters be calendared for status on the

7   Court's next available date upon his release from the Bureau of Prisons back to the custody of

8   the U.S. Marshal. If the parties determine that more time is necessary for the competency

9   examination to conclude before this date, they may file a stipulation stating the reasons why this

10   date should be continued.

11   IT IS FURTHER ORDERED THAT, in an abundance of caution, the period of time from April

12   21, 2025, through the status hearing upon defendant's release from the Bureau of Prisons, is deemed

13   excludable pursuant to 18 U.S.C. § 3161(h)(1)(A) in that this time period results from "any proceeding,

14   including examinations, to determine the mental competency or physical capacity of the defendant" and

15   18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted

16   by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by

17   taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18   IT IS SO ORDERED.

19   Dated:   **April 21, 2025**

20                                   UNITED STATES DISTRICT JUDGE

ORDER                                   3